**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OSWALDO ENRIQUE TOBAR; et al., | No. 16-55607 |
| Plaintiffs-Appellants, | D.C. No. 3:07-cv-00817-WQH-JLB |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted October 2, 2017[**]
Pasadena, California

Before: KLEINFELD, GRABER, and CHRISTEN, Circuit Judges.

As detailed in our two earlier opinions, Tobar v. United States (Tobar I), 639 F.3d 1191, 1194 (9th Cir. 2011), and Tobar v. United States (Tobar II), 731 F.3d 938, 940–41 (9th Cir. 2013), Plaintiffs allege that, in 2005, the United States Coast Guard boarded the vessel F/V Jostin and towed it to Ecuador, causing damages to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Plaintiffs, which they seek to recover. After the second remand, the district court presided over a bench trial and found in favor of the United States. Plaintiffs timely appeal again. We review the district court's factual findings for clear error, Kirola v. City of San Francisco, 860 F.3d 1164, 1174 (9th Cir. 2017), its legal conclusions de novo, id., and its discovery rulings for abuse of discretion, Goodman v. Staples The Office Superstore, LLC, 644 F.3d 817, 822 (9th Cir. 2011). We affirm.

1. The government waived sovereign immunity only if Plaintiffs could prove that neither the vessel nor its crew had been involved in "illicit actions." Tobar II, 731 F.3d at 946 (quoting the 2005 agreement between the United States and Ecuador). Ample circumstantial evidence supported the district court's conclusion that Plaintiffs failed to prove that the boat had not been involved in illicit actions, specifically the delivery of cocaine to another vessel. We therefore find no clear error. Because we uphold the district court's finding as to "illicit actions," we need not, and do not, reach the district court's alternative finding of no "damages."

2. The district court did not clearly err in finding that the 2005 agreement was the only one in effect in 2005. We independently conclude that, as a matter of law, the 2006 treaty went into effect only upon signature in 2006, as the document

2

provides on its face. And the district court permissibly credited testimony that no other, undisclosed agreement existed in 2005.

3. The district court did not abuse its discretion by denying Plaintiffs' discovery requests. As to most of them, Plaintiffs filed the motions in violation of local rules or in violation of the court's instructions. With respect to Plaintiffs' effort to obtain further discovery about the 2006 treaty, as noted, it is not relevant to the case. We have carefully reviewed all of the district court's discovery rulings, and we find no abuse of discretion.

**AFFIRMED.**